UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SONYA RENEE WHITE,<br><br>        Plaintiff,<br>v.<br><br>JOSE H. OROZCO-MUNOZ, individually<br>and dba SAN JUAN OROZCO TRUCKING;<br>DOES I - X inclusive; and XYZ<br>PARTNERSHIPS, inclusive;<br><br>        Defendants. | 3:14-cv-00497-LRHWGC<br><br><br>ORDER |

      Plaintiff Sonya Renee White initiated this action in the Fourth Judicial District Court for Elko County, Nevada on July 31, 2014. On September 24, 2014, on the basis of diversity jurisdiction, Defendants Jose H. Orozco-Munoz, individually and dba San Juan Orozco Trucking filed a notice of removal to this court (#1[1]).

      After review of the complaint and Defendants' petition for removal, the court finds that it requires more evidence to determine whether it has subject matter jurisdiction over this case. While it appears that the parties are of diverse citizenship,[2] Defendants have not demonstrated that

---

[1] Refers to the court's docket entry number.

[2] Plaintiff is a citizen of Idaho, Defendant Jose H. Orozco is a Nevada citizen, and San Juan Orozco Trucking does business in and under the laws of Nevada.

the amount in controversy exceeds $75,000.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for any district . . . where such action is pending." 28 U.S.C. § 1441(a). Among other reasons, the district courts of the United States have "original jurisdiction" where there is diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a).

"If . . . it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). Moreover, the removal statute is construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus*, 980 F.2d at 566.

After a defendant files a petition for removal, the court must determine whether federal jurisdiction exists, even if no objection is made to removal. *See Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). The defendant always has the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566. Normally this burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement. *Id.*

However, if the plaintiff does not claim a sum greater than the jurisdictional requirement, the defendant cannot meet its burden by merely alleging that the amount in controversy is met: "The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment . . . ." *Id.* (*quoting McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)) (emphasis omitted).

In some cases, it may be "'facially apparent' from the complaint that the jurisdictional amount is in controversy." *See Singer v. State Farm Mut. Auto. Ins.*, 116 F.3d 373, 377 (9th Cir. 1997) (delineating the "appropriate procedure for determining the amount in controversy on

1  removal" as described in *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995)).  However,

2  "[w]hen the amount is not facially apparent from the complaint, the court may consider facts in the

3  removal petition and may require parties to submit summary-judgment-type evidence relevant to

4  the amount in controversy at the time of removal." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980

5  (9th Cir. 2006) (internal quotation marks omitted).

6      Here, in arguing that the amount in controversy requirement has been satisfied, Defendants

7  rely solely on the allegations in the complaint.    However, the court finds that it is not facially

8  apparent from the complaint that more than $75,000 is in controversy.  To the contrary, based on

9  the allegations in the complaint, the amount in controversy could easily be less than the

10 jurisdictional threshold.  Accordingly, jurisdiction has not been established.

11     The court will provide Defendants additional time to present "summary-judgment-type

12 evidence" showing by a preponderance of the evidence that this case meets § 1332(a)'s amount in

13 controversy requirement.

14     IT IS THEREFORE ORDERED that Defendants are granted twenty (20) days to establish

15 the minimum amount in controversy for federal jurisdiction.  Plaintiff is granted ten (10) days to

16 file an opposition.  No reply is required.

17     IT IS SO ORDERED.

18     DATED this 26th day of September, 2014.

20     LARRY R. HICKS
    UNITED STATES DISTRICT JUDGE