1

2

3

4

5                     UNITED STATES DISTRICT COURT

6                          DISTRICT OF NEVADA

7                                  * * *

8    SONYA RENEE WHITE,                    )
                                           )
9              Plaintiff,                   )        3:14-CV-00497-LRH-WGC
                                           )
10   v.                                     )
                                           )        ORDER
11   JOSE H. OROZCO-MUNOZ, individually     )
     and dba SAN JUAN OROZCO TRUCKING;      )
12   *et al.*,                              )
                                           )
13             Defendant.                   )
     _____)

14

15        Before the court is Defendants Jose H. Orozco and San Juan Orozco Trucking's

16   ("Defendants") notice of removal.  Doc. #1.[1]  Plaintiff Sonya Renee White ("Plaintiff") initiated the

17   present action against Defendants on July 31, 2014, in the Fourth Judicial District Court for Elko

18   County, Nevada.  On September 24, 2014, Defendants removed this action to federal court on the

19   basis of diversity jurisdiction.  Doc. #1.

20        On September 26, 2014, the Court reviewed the removal petition and held that it was not

21   clear from the Complaint that the amount in controversy had been met.  Doc. #6.  The Court

22   granted Defendants twenty days to establish the amount in controversy by submitting summary

23   judgment type evidence to the court.  *Id*.  Thereafter, Defendants filed a response to the Court's

24   Order to show cause.  Doc. #9.  Plaintiff subsequently filed a response to the order to show cause.

25   Doc. #10.

26
     _____
     [1] Refers to the Court's docket entry number.

**A.  Legal Standard**

Federal district courts have "original jurisdiction" where there is diversity of jurisdiction between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  "[A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for any district . . . where such action is pending."  28 U.S.C. § 1441(a).  If the district court determines that it lacks jurisdiction, the case must be remanded to state court.  28 U.S.C. § 1332.  "Federal jurisdiction must be rejected if there is any doubt as to the right or removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The removal statute is construed restrictively and in favor or remanding a case to state court.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).  The amount in controversy requirement cannot be met by a "mere averment" of the removing party.  *Gaus*, 980 F.2d at 566 (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).  "When the amount is not facially apparent from the complaint, the court may consider facts in the removal petition and may require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal."  *Kroske v. U.S. Bank Corp.*, 432 F.2d 976, 980 (9th Cir. 2006).   In a diversity case, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $[75],000.00."  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

**B.  Discussion**

Defendants argue that the case should not be remanded because Plaintiff's Complaint, filed in state court, claimed emotional and personal injury damages in excess of $10,000, and special damages for medical expenses, lost earning capacity, lost income, and lost schooling opportunities.  Doc. #9 at 2.  Defendants note that past medical expenses have so far reached $7,934.92, and that Plaintiff may have already incurred additional medical expenses.  *Id.*  However, the amount sought in Plaintiff's Complaint, and the amount spent on medical expenses, is below the threshold amount

of controversy required for diversity jurisdiction.  Additionally, the mere possibility of additional medical expenses, lost earning capacity, lost income, and lost schooling opportunities is insufficient to prove that the amount in controversy has been met.  Rather, Defendants must submit evidence of special damages to establish that the amount in controversy has been.  *See Cicero v. Target Corp.*, No. 2:13-cv-0619, 2013 WL 3270559, at *2 (D. Nev. June 26, 2013) (remanding when defendant claimed total damages of $375,000 because defendant did not submit any evidence to support the figure); *Gaus*, 980 F.2d at 567.

Here, Defendants have not submitted any evidence to support their claim that the case more likely than not meets the $75,000 amount in controversy threshold.  Accordingly, the Court finds that Defendants have failed to meet their burden, and that this case must be remanded to the Fourth Judicial District Court for Elko County, Nevada.

Defendants allege further that the Court should order that the Plaintiff be estopped from seeking damages in excess of $75,000, claiming that Plaintiff's refusal to stipulate to refrain from seeking damages larger than $75,000 "is further evidence that the amount in controversy exceeds $75,000." Doc. #9 at 2.  Plaintiff states that while she "has no objection whatsoever stipulating to remand this matter back to State Court, she will not agree, nor should she be required to agree, to limit the potential value of her claims." Doc. #10 at 4.  As discussed above, the Court does not have jurisdiction and cannot rule on this matter.

**C.  Conclusion**

IT IS THEREFORE ORDERED that the present action, case no. 3:14-cv-00497-LRH-WGC, is REMANDED to the Fourth Judicial District Court for Elko County, Nevada.

IT IS SO ORDERED.

DATED this 30th day of October, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE